IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KIMBERLY OWENS and | ) | |
| BERTHANE SIMILIEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 1:09-CV-1804-BBM-LTW |
| | ) | |
| GENERAL ELECTRIC COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S ORDER AND NON-FINAL REPORT AND RECOMMENDATION

This case is presently before the Court on Defendant General Electric Company's Motion to Dismiss and Partial Motion to Dismiss, Plaintiff's Motion for Leave to File a Second Amended Complaint, and Non-Parties Georgia Department of Labor and Department Employee Sharrie Speer's Motion to Quash Defendant's Subpoenas. Docket Entries [3, 11, 13, 37]. For the reasons outlined below, Defendant's first Motion to Dismiss is **WITHDRAWN**, Plaintiff's Motion for Leave to File a Second Amended Complaint is **DENIED**, and Non-Parties Georgia Department of Labor and Department Employee Sharrie Speer's Motion to Quash Defendant's Subpoenas is **DENIED**. Docket Entries [3, 13, 37]. This Court also **RECOMMENDS** that Defendant's Partial Motion to Dismiss Plaintiffs' Amended Complaint be **GRANTED**. Docket Entry [11].

## <u>DEFENDANT'S FIRST MOTION TO DISMISS</u>

Defendant filed its first Motion to Dismiss on July 27, 2009.  Docket Entry [3].

Defendant, however, subsequently filed a Partial Motion to Dismiss on August 4, 2009.

Docket Entry [11].  Therein, Defendant stated that it was withdrawing the Motion to

Dismiss it filed on July 27, 2009.  Docket Entry [11], p. 1 n.1, p. 5.  Accordingly,

Defendant's First Motion to Dismiss is **WITHDRAWN**.  Docket Entry [3].

## <u>DEFENDANT'S PARTIAL MOTION TO DISMISS</u>

Plaintiffs Kimberly Owens and Berthane Similien (hereinafter "Plaintiffs") filed

the instant lawsuit on July 6, 2009.  Docket Entry [1].  Plaintiffs also filed an Amended

Complaint on July 28, 2009.  Docket Entry [5].  Therein, Plaintiffs contend that

Defendant General Electric Company (hereinafter "Defendant") discriminated against

them on the basis of their gender in violation of Title VII of the Civil Rights Act of 1964,

42 U.S.C. § 2000e <u>et seq.</u> (hereinafter "Title VII") when it discouraged them from

applying for promotional opportunities that were offered to male counterparts, excluded

them from key meetings at which they would have had career advancement and

networking opportunities, passed them over for promotion in rank and title, did not allow

them the opportunity to work overtime, subjected them to incomplete investigations of

complaints about them, and terminated them. (Compl. ¶¶ 30-36). Plaintiffs further claim

2

that Defendant discriminated against them on the basis of their sex when it subjected them to a hostile work environment. (Compl. ¶¶ 37-40). Plaintiffs also claim that Defendant terminated them because they complained of discrimination. (Compl. ¶¶ 45-47). Plaintiffs also allege state law claims for negligence and intentional infliction of emotional distress. (Compl. ¶¶ 41-44, 48-53). Additionally, Plaintiffs claimed that Defendant recklessly and willfully violated their private duty under O.C.G.A. § 51-1-8 to comply with the provisions of Title VII, causing Plaintiffs emotional distress. (Compl. ¶¶ 54-59).

On August 4, 2009, Defendant moved to dismiss Plaintiffs' O.C.G.A. § 51-1-8 claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant argues Plaintiff's claim is not cognizable because O.C.G.A. § 51-1-8 does not create a redundant state law cause of action for violations of Title VII. Plaintiffs contend in response that they are not merely asserting a duplicate Title VII claim through the vehicle of O.C.G.A. § 51-1-8, and that cases upon which Defendant relies do not apply to their claims. In support, Plaintiffs note that the cases upon which Defendant relies involve age, disability, and race discrimination, whereas gender discrimination is at issue in the instant case. Plaintiffs argue the distinction is important because Georgia law provides no statutory exception to the at will employment doctrine or civil remedy for

3

these types of discrimination.  In contrast, O.C.G.A. § 34-5-3 provides a civil remedy for wage discrimination on the basis of gender.   Plaintiffs also seek to amend their Complaint again to explicitly denote that "O.C.G.A. § 51-1-8 is the avenue which gives rise to a cause of action for a violation of O.C.G.A. § 34-5-5 which provides a civil remedy against employers who commit wage discrimination on the basis of gender.

## **Factual Background for Plaintiffs' Claims**

Plaintiff Kimberly Owens began working with Defendant on September 3, 2002 as a Productivity Specialist.  (Amended Compl. ¶ 7).  On or around August 18, 2008, Plaintiff Owens complained to her supervisor, Office Manager Andreco Coleman, about alleged harassment and disparate treatment directed against female workers.  (Compl. ¶ 8).  On or after September 29, 2008, Mr. Coleman confronted Plaintiff Owens about a discrepancy on her September 22, 2008 time card.  (Amended Compl. ¶ 9).  Plaintiff Owens could not recall anything about the discrepancy, but volunteered to check her daily log.  (Amended Compl. ¶ 9).  Plaintiff returned to Mr. Coleman's office with her daily log and reported to Mr. Coleman that the discrepancy was likely due to a long lunch that she had taken with coworkers.  (Amended Compl. ¶ 11).  Mr. Coleman told Plaintiff Owens that he and a human resources representative, who was also present, discovered that Plaintiff Owens was lying when she said she could not remember the

4

events of September 22, 2008 with specificity.  (Amended Compl. ¶ 11).  On October 3, 2008, Mr. Coleman terminated Plaintiff for being dishonest about taking extended lunches. (Amended Compl. ¶ 14).  Plaintiffs point out that male employees have gone out for drinks and to play golf during work hours.  (Amended Compl. ¶ 26b).

Plaintiff Similien was hired as a customer service representative in November of 2000 and was later promoted to Productivity Specialist in January 2002.  (Amended Compl. ¶ 17).  Plaintiff Similien complained to her supervisor about sexual harassment and filed an EEOC charge against Defendant in 2006, alleging that she was treated unfairly on the basis of her national origin. (Amended Compl. ¶ 19).  In October 2008, Plaintiff Similien complained to Mr. Coleman, the regional Human Resources Department, and Defendant's telephone complaint line about harassment and disparate treatment between male and female workers in the office.  (Amended Compl. ¶ 19). Plaintiff Similien was terminated for insubordination on November 5, 2008, after she protested Mr. Coleman's instruction to perform another worker's duties in addition to her own.  (Amended Compl. ¶¶ 19, 20, 24).

Both Plaintiffs assert that male employees are given the opportunity for flex-time and overtime, while female employees have been told that "there is no overtime" and are not presented with such opportunities.  (Amended Compl. ¶ 26i).  Plaintiffs further

5

contend that employees have altered their computers and time cards.  (Amended Compl. ¶ 26k, l).  Plaintiffs also allege that a male worker, who has been the subject of complaints regarding his habitual use of terms like "sweetie" and baby" when referring to female workers, has not been disciplined.  (Amended Compl. ¶ 26o).

### Legal Analysis

### A.     Rule 12(b)(6) Motion to Dismiss Standard

Dismissal is warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief.  Neitzke v. Williams, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).  A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  A complaint, however, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007).   To state a claim with sufficient specificity requires that the complaint have enough factual matter taken as true to suggest required elements of the claim.  Watts v. Florida Int'l Univ., 495 F.3d 1289, 1296 (11th Cir. 2007).  Hill v. White, 321 F.3d 1334,

AO 72A
(Rev.8/82)

1335 (11th Cir. 2003). Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555, 127 S.Ct. at 1964-65 (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)). "Although a Title VII complaint need not allege facts sufficient to make out a classic McDonnell Douglas prima facie case, it must provide enough factual matter (taken as true) to suggest intentional . . . discrimination." Davis v. Coca-Cola Bottling Co. Consolidated, 516 F.3d 955, 974 (11th Cir. 2008).

The Court should not consider matters outside the pleadings when considering a party's motion to dismiss. See FED. R. CIV. P. 12(b)(6); Prop. Mgmt. & Inv., Inc. v. Lewis, 752 F.2d 599, 604 (11th Cir. 1985). However, a court may, on a Rule 12(b)(6) motion to dismiss, consider documents attached to the defendant's motion when they are central to the plaintiff's claim and their authenticity is not disputed. Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002); Harris v. Ivax Corp., 182 F.3d 799, 802 n.2 (11th Cir. 1999).

## B.    Plaintiffs' O.C.G.A. § 51-1-8 Claim

Plaintiffs claim in their Amended Complaint that Defendants recklessly and willfully violated their private duty under O.C.G.A. § 51-1-8 to comply with the

7

provisions of Title VII, causing Plaintiffs emotional distress.   (Compl. ¶¶ 54-59).

Defendant argues Plaintiffs' private duty claim is not cognizable because O.C.G.A. § 51-

1-8 does not create a redundant state law cause of action for violations of Title VII.

Plaintiffs counter that they are not merely asserting a duplicate Title VII claim through

the vehicle of O.C.G.A. § 51-1-8, but request that the Court wait until after discovery to

consider the propriety of their claim on the grounds that discovery will show the

differences between their O.C.G.A. § 51-1-8 claim and their Title VII claims.  Plaintiffs

further argue that cases upon which Defendant relies do not apply to their claims.  In

support, Plaintiffs note that the cases upon which Defendant relies involve age, disability,

and race discrimination, whereas gender discrimination is at issue in the instant case.

Plaintiffs argue that the distinction is important because although Georgia law provides

no statutory exception to the at will employment doctrine or civil remedy for these types

of discrimination, O.C.G.A. § 34-5-3 provides a civil remedy for wage discrimination

on the basis of gender.  Plaintiffs also seek to amend their Complaint again to explicitly

denote that "O.C.G.A. § 51-1-8 is the avenue which gives rise to a cause of action for a

violation of O.C.G.A. § 34-5-5 which provides a civil remedy against employers who

commit wage discrimination on the basis of gender."

O.C.G.A. §§ 51-1-6 and 51-1-8 merely codify common law general principals of

tort law.  <u>Reilly v. Alcan Aluminum Corp.</u>, 272 Ga. 279, 280 (2000) (O.C.G.A. §§ 51-1-6 and 51-1-8 merely set forth general principals of tort law); <u>Parris v. State Farm Mut. Auto. Ins. Co.</u>, 229 Ga. App. 522, 524 (1997) ("The language of O.C.G.A. §§ 51-1-6 and 51-1-8 does not confer a separate cause of action in tort upon one who has suffered a breach of a legal or a private duty."); <u>see also</u> <u>Amick v. BM & KM, Inc.</u>, 275 F. Supp. 2d 1378, 1384 (N.D. Ga. 2003).  O.C.G.A. § 51-1-1 generally defines a tort as the "unlawful violation of a private legal right other than a mere breach of contract, express or implied." [1]  O.C.G.A. § 51-1-8 simply enumerates potential sources of private duties.  O.C.G.A. § 51-1-8 provides that "[p]rivate duties may arise from statute or from relations created by contract, express or implied."  O.C.G.A. § 51-1-8.  This section also generally notes that "[t]he violation of a private duty, accompanied by damage, shall give a right of action."  O.C.G.A. § 51-1-8.  Similarly, O.C.G.A. § 51-1-6 explains when a statute or regulation can form the basis for a private duty when the statute or regulation does not provide a specific cause of action.  It provides that "[w]hen the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may

---

[1] Although not relevant in the instant case, O.C.G.A. § 51-1-1 also provides that a tort may also be the violation of a public duty if, as a result of the violation, some special damage accrues to the individual.

recover for the breach of such legal duty if he suffers damage thereby." O.C.G.A. § 51-1-6. Thus, both statutes merely codify principles of tort law, and neither O.C.G.A. § 51-1-6 nor § 51-1-8 confer a separate cause of action in tort upon one who has suffered a breach of a legal or private duty. Jastram v. Williams, 276 Ga. App. 475, 475-76 (2005); Parris, 229 Ga. App. at 524; see also Iguana, LLC v. Lanham, No. 7:08-CV-09(CDL), 2009 WL 1620586, at *4 (M.D. Ga. June 9, 2009). They merely authorize the recovery of damages for the breach of a legal duty otherwise created. Parris, 229 Ga. App. 522, 524 (1997).

1.    State Tort Claim Based upon Title VII

This Court agrees with Defendant's contention that Plaintiffs' alleged breach of duties required by Title VII claim does not provide the basis for a cognizable state law tort claim pursuant to O.C.G.A. §§ 51-1-8 or 51-1-6. At the outset, it is important to note that this Court is unaware of any authority, and Plaintiffs have not provided any, indicating that Title VII or O.C.G.A. §§ 51-1-6 and 51-1-8 create a separate cause of action for gender or sex discrimination. Indeed, this Court is unaware of any authority indicating that O.C.G.A. §§ 51-1-6 and 51-1-8 creates a separate cause of action for any civil rights violation. Moreover, because the breach of legal duty upon which Plaintiffs rely is one for which an express cause of action already exists as part of a remedial

10

scheme under Title VII and because Plaintiffs have already asserted Title VII claims for the same alleged violations, Plaintiffs cannot seek duplicative remedies for an alleged violation of federal law. Higdon v. Jackson, 393 F.3d 1211, 1221 (11th Cir. 2004); Miller v. General Wholesale Co., 101 F. Supp. 2d 1374, 1381 (N.D. Ga. 2000) (concluding that no action is created where an express cause of action already exists), aff'd 254 F.3d 74 (11th Cir. 2001); Cruet v. Emory University, 85 F. Supp. 2d 1353, 1355 (N.D. Ga. 2000); Phillips v. DAP, Inc., 10 F. Supp. 2d 1334, 1336-37 (N.D. Ga. 1998) (O.C.G.A. §§ 51-1-8 and 51-1-6 do not provide an additional right of action where an express cause of action already exists under the ADA), aff'd on this issue, Phillips v. DAP, Inc., No. 98-8662, 165 F.3d 41 (11th Cir. 1998); Scott v. Underground Festival, Inc., No. 1:97-CV-610-TWT, 77 FEP Cases 1269, at *12 (N.D. Ga. July 9, 1998) (rejecting similar claim for race discrimination under Title VII); see also Jastram, 276 Ga. App. at 475-76 (O.C.G.A. § 51-1-6 "does not create a separate cause of action, but simply authorizes the recovery of damages for the breach of a legal duty otherwise arising, though not expressly stated, under a statute or common law.").

Plaintiffs seek to avoid this result by arguing that the Court should wait until the conclusion of discovery to determine whether the Title VII claims and the Georgia tort claims are identical. To the extent that Plaintiffs believe that their Title VII claims and

Georgia tort claims relying on breach of Title VII are different claims, Plaintiffs had an opportunity to demonstrate that they are different in their opposition to Defendant's Motion to Dismiss, but failed to do so.  In light of the pending motion to dismiss, it would not be prudent for this Court to preserve an otherwise meritless claim for which Plaintiffs cannot demonstrate the merits or clearly articulate the claim at this time.

Nor is this Court convinced that O.C.G.A. §§ 34-5-3 and 34-5-5's provisions against sex discrimination evinces the legislature's intent that Title VII should provide the basis for the legal duty supporting a state tort claim.  Plaintiffs appear to base their theory on concepts explained by the Georgia Supreme Court in <u>Reilly v. Alcan Aluminum Corp.</u>, 272 Ga. 279, 280 (2000).  In that case, the Georgia Supreme Court examined whether O.C.G.A. §§ 51-1-6 and 51-1-8 could give rise to a cognizable claim for breach of a legal duty where the duty breached was a violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, <u>et seq.</u> (hereinafter "ADEA") and O.C.G.A. § 34-1-2 (similarly prohibiting age discrimination in employment).  In <u>Reilly</u>, the Court noted that in order to determine whether a statute could give rise to a legal duty, the court must first determine whether the legislature intended to create the basis for the tort.  <u>Reilly</u>, 272 Ga. at 280.  The Georgia Supreme Court concluded that O.C.G.A. § 34-1-2 does not give rise to a legal duty because O.C.G.A. § 34-1-2 did not

12

provide for a civil remedy, it only provided for a criminal penalty.  Id.  The Georgia Supreme Court also found that the "failure to provide a civil remedy . . . is significant considering that the General Assembly has created specific civil remedies in other areas of employer action against employees and considering that the General Assembly is presumed to have enacted the statute with knowledge that under existing law, the employee-at will doctrine precluded employees from bringing a tort action against their employers for wrongful discharge." Id.  The Georgia Supreme Court further explained that because the General Assembly did not specifically provide a civil action as a remedy and because the specific provisions of O.C.G.A. § 34-7-1 must control over the more general tort provisions of O.C.G.A. §§ 51-1-6 and 51-1-8, it could not conclude that the General Assembly intended for age discrimination to provide a basis for a tort of wrongful discharge.  In support, the Court also cited Doss v. Food Lion, 267 Ga. 312 (1996), in which it refused to recognize a remedy outside of the remedies provided by the Workers Compensation Act where the employer delayed authorizing medical treatment for an employee, exacerbating a workplace injury.  The Court reasoned that in Doss, *supra*, a separate tort was not intended, not only because the Act provided the exclusive remedy but also because it already provided criminal penalty to punish employers for unreasonable delays in authorizing treatment.

13

Likewise, the Georgia General Assembly has enacted specific prohibitions against discrimination on the basis of gender in pay. O.C.G.A.'s provisions prohibiting discrimination on the basis of gender in pay are much more limited than Title VII's general protections against sex discrimination. Indeed, the State of Georgia has expressed a public policy in favor of at will employment and has not indicated any intention in expanding state protections to that of Title VII's. Cf. Reilly, 272 Ga. at 280 (finding that ADEA did not provide duty supporting state law tort because the principles stated by O.C.G.A. §§ 51-1-6 and 51-1-8 were not meant to transcend public policy in this state precluding at will employees from bringing wrongful discharge actions against their employers). This Court does recognize that the General Assembly did evince its intent that employers should not pay members of one sex less than another for the same work. It seems to this Court, however, that if the legislature, which is presumed to act with knowledge of existing law, had intended for the provisions of O.C.G.A. §§ 34-5-3 and 34-5-5 (both enacted two years after Title VII and one year after the Equal Pay Act of 1963, 29 U.S.C. § 206) to be as broad as those protections extended to employees under Title VII, the General Assembly would have provided for broader protection. See Yasmine's Entertainment Hall v. City of Marietta, 292 Ga. App. 114, 116 (2008) (legislature presumed to act with knowledge of the law). Thus, this Court cannot

14

conclude that the Georgia General Assembly intended to create a separate cause of action for a breach of duty enumerated in Title VII.

     2.      <u>State Tort Claim Based upon a Violation of O.C.G.A. § 34-5-3</u>

Plaintiffs contend O.C.G.A. §§ 34-5-3 and 34-5-5 (statutes prohibiting gender discrimination in pay and providing a remedy) also serve as bases for asserting an independent tort claim under O.C.G.A. § 51-1-8.  In support of Plaintiffs' theory, they seek to amend their complaint to specifically state that O.C.G.A. § 34-5-5 serves as the basis of their state law tort claim pursuant to O.C.G.A. § 51-1-8.  (Proposed Amended Compl. ¶¶ 54-59).  In support, Plaintiffs argue O.C.G.A. §§ 34-5-3 and 34-5-5 can serve as the basis for a cause of action because O.C.G.A. § 34-5-5 provides a civil remedy for conduct prohibited by O.C.G.A. § 34-5-3.

"In determining whether the violation of a statute creates a cause of action in a particular person, it is necessary to examine the purposes of the legislation and decide whether the injured person falls within the class of persons the statute was intended to protect and whether the harm complained of was the harm it was intended to prevent."  <u>Odem v. Pace Academy</u>, 235 Ga. App. 648, 656 (1998); <u>see also</u> <u>DaimlerChrysler Motors Co., LLC v. Clemente</u>, 294 Ga. App. 38, 55 (2008).  It is also important to examine whether the legislature intended that the statute mandate a legal duty giving rise

to a tort.  <u>Reilly</u>, 272 Ga. at 280; <u>Parris</u>, 229 Ga. App. at 524.  The failure of the underlying statute to create a cause of action or a civil remedy is strong evidence of the legislature's intent that the statute was not intended to serve as the basis for a tort. <u>Reilly</u>, 272 Ga. at 280; <u>Parris</u>, 229 Ga. App. at 524.  In determining whether the violation of a statute creates a legal duty, specific statutes govern over more general statutes when they are in conflict and statutes in derogation of common law are strictly construed. <u>Reilly</u>, 272 Ga. at 280; <u>Wadkins v. Smallwood</u>, 243 Ga. App. 134, 137 (2000); <u>Fortner v. Town of Register</u>, 278 Ga. 625, 627 (2004); <u>see also</u> Georgia Law of Torts § 1-3 (2009).

Plaintiffs were clearly part of the class of persons to be protected by O.C.G.A. § 34-5-1 <u>et seq.</u>  Plaintiffs argue male employees are given the opportunity for overtime whereas female employees are told that there is no overtime.  (Pl. Amended Compl. ¶ 26i).  Additionally, Plaintiffs clearly complain of the harm made unlawful by the Act. O.C.G.A. § 34-5-2 makes clear that all compensation for employment is covered by the Act, including overtime compensation. O.C.G.A. § 34-5-2(7) (defining wage rate as "all compensation for employment, including payment in kind and amounts paid by employers for employee benefits").

Moreover, a review of the structure of  O.C.G.A. § 34-5-1 <u>et seq.</u> reveals that the

16

legislature did intend to create a cause of action for wage discrimination on the basis of sex.  O.C.G.A. § 34-5-3 provides that it is unlawful to discriminate on the basis of sex by paying wages to employees at a rate less than the rate paid to employees of the opposite sex for equal work in jobs which require equal skill, effort, and responsibility performed under similar working conditions.  O.C.G.A. § 34-5-5 provides that "any employer who violates Code Section 34-5-3 shall be liable to the employee affected in the amount of his unpaid wages" and that "[a]n action to recover such liability may be maintained in any court of competent jurisdiction by the aggrieved employee."  Indeed, Georgia Courts have recognized that these statutes provide a cause of action.  See Reilly, 272 Ga. at 280 (O.C.G.A. "§ 34-5-5 specifies a civil remedy" for wage discrimination); Borden v. Johnson, 196 Ga. App. 288, 290 (1990) (O.C.G.A. § 34-5-1 et seq. declares discriminatory wage practices on the basis of sex against the public policy of this state and authorizes an employee's recovery of unpaid wages for such practices).

But application of these two factors does not end the inquiry.  Georgia law also counsels that specific statutes, such as O.C.G.A. § 34-5-5 must control over the more general tort provisions of O.C.G.A. §§ 51-1-6 and 51-1-8.  Reilly, 272 Ga. at 280.  O.C.G.A. § 34-5-5 provides for a specific cause of action and a specific remedy.  Thus, the Georgia General Assembly already chose to define the contours of the tort and this

17

Court cannot conclude that the General Assembly intended additional common law tort remedies to be available as well.  <u>See</u> <u>Higdon</u>, 393 F.3d at 1222; <u>Cruet</u>, 85 F. Supp. 2d 1353, 1354 (N.D. Ga. 2000) (holding that the plain language of O.C.G.A. § 51-1-6 shows that it operates where "no cause of action is given in express terms" and that where a cause of action and a remedy is given in express terms, O.C.G.A. § 51-1-6 does not provide a separate action); <u>Miller v. General Wholesale Co., Inc.</u>, 101 F. Supp. 2d 1374, 1380-81 (N.D. Ga. 2000) ("It seems clear from the language of the statute that no cause of action is created where, as here, an express cause of action already exists.").

Moreover, even if Plaintiffs were entitled to pursue a tort claim separate and apart from the cause of action provided by O.C.G.A. § 34-5-5, it could not provide them any greater remedy than that offered by O.C.G.A. § 34-5-5.  Indeed, Plaintiffs complain that their termination was discriminatory on the basis of their sex, but Plaintiffs would not be able to recover in tort under Georgia law under a wrongful termination theory, because Georgia does not recognize these as exceptions to the at will employment doctrine. <u>Reilly v. Alcan Aluminum Corp.</u>, 221 F.3d 1170, 1171 (11th Cir. 2000) (holding that judicially created exceptions to the at will employment doctrine are not favored in Georgia and that courts defer to the legislature to create them); <u>Tiner v. Georgia Dep't of Juvenile Justice</u>, No. 1:02CV117-1(WLS), 2005 WL 1522618, at *1 (M.D. Ga. May

AO 72A
(Rev.8/82)

23, 2005); Amick v. BM & KM, Inc., 275 F. Supp. 2d 1378 (N.D. Ga. 2003) (noting that the Georgia Supreme Court has refused to recognize exception to at will employment doctrine for age discrimination claim); Burritt v. Media Marketing Servs., 242 Ga. App. 92, 93 (2000) (at will employee could not bring evidence of gender discrimination in her termination); Borden, 196 Ga. App. at 629 (refusing to recognize exception to statutory at will employment doctrine for termination on the basis of pregnancy even after acknowledging that O.C.G.A. § 34-5-1 et seq. provides remedy for wage discrimination on the basis of sex); see also Reid v. City of Albany, 276 Ga. App. 171, 172 (2005) (refusing to recognize exception to statutory at will employment doctrine to allow wrongful discharge claim for retaliatory termination); Robins Fed'l Credit Union v. Brand, 234 Ga. App. 519, 521 (1998).  Moreover, O.C.G.A. § 34-5-3 provides that discharge in response to complaints of wage discrimination is unlawful, but provides only a criminal remedy (a $100.00 fine) and not a civil remedy.  O.C.G.A. § 34-5-3. Thus, the Georgia General Assembly did not intend for O.C.G.A. § 34-5-3 to provide a cause of action for retaliatory termination and cannot serve as the basis for a wrongful discharge claim.  Reilly, 272 Ga. at 280.  Because the Georgia legislature did not intend for O.C.G.A. §§ 51-1-6 and 51-1-8 to provide for an additional cause of action for violation of Title VII or O.C.G.A. § 34-5-1 et seq., and because the specific provisions

of O.C.G.A. § 34-5-1 et seq. control the more general provisions of O.C.G.A. §§ 51-1-6 and 51-1-8, the general tort provisions of O.C.G.A. §§ 51-1-6 and 51-1-8 cannot be read as to create a separate civil action for gender discrimination based upon a violation of Title VII or O.C.G.A. § 34-5-1 et seq.    Accordingly, Plaintiffs' claims pursuant to O.C.G.A. §§ 51-1-6 and 51-1-8 should be **DISMISSED WITH PREJUDICE**.  Docket Entry [11].

## PLAINTIFFS' MOTION TO AMEND

In Plaintiffs' Motion to Amend, Plaintiffs seek to amend their Complaint for a second time to clarify that O.C.G.A. § 34-5-5 serves as the basis of their state law tort claim pursuant to O.C.G.A. § 51-1-8.  Plaintiffs also seek to add a separate claim pursuant to O.C.G.A. § 13-6-11 alleging Defendant was stubbornly litigious when it refused to withdraw its July 27, 2009 Motion to Dismiss and refused to seriously consider settlement prior to discovery.   (Proposed Amended Compl. ¶¶ 54-62). Defendants oppose the amendments on the grounds that they are futile.

Pursuant to the Federal Rules of Civil Procedure, leave to amend a party's pleading shall be "freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The court has discretion to make this determination, but it must provide a substantial reason for such a denial because "[r]ule 15(a) severely restricts the district court's freedom."

20

Shipner v. Eastern Air Lines, 868 F.2d 401, 407 (11th Cir. 1989) (policy embodied in

Federal Rules of Civil Procedure favors liberality of amendments).

However, both the Supreme Court and the Eleventh Circuit have enumerated

factors which allow the denial of a motion to amend.  These factors include undue

prejudice to the opposing party, undue delay, bad faith on the part of the movant, futility

of the motion, or repeated failure to cure deficiencies by previous amendments.  Foman

v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed.2d 222 (1962); Equity Lifestyle

Props., Inc. v. Florida Mowing and Landscape, 556 F.3d 1232, 1241 (11th Cir. 2009).

"An amendment adding a cause of action is considered futile if the new cause of action

does not state a claim upon which relief can be granted."  See Spanish Broadcasting Sys.

of Fla., Inc. v. Clear Channel Commnc'ns, Inc., 376 F.3d 1065, 1077 (11th Cir. 2004);

Rudolph v. Arthur Andersen & Co., 800 F.2d 1040, 1042 (11th Cir. 1986).  "A proposed

amendment is futile if the complaint, as amended, would be subject to dismissal."

Galindo v. ARI Mut. Ins. Co., 203 F.3d 771, 777 n.10 (11th Cir. 2000).  "In deciding

whether the amendment to the complaint would be futile, the court should be guided by

the principles that govern consideration of a motion to dismiss."  See Wyatt v. BellSouth,

Inc., 176 F.R.D. 627, 630 (M.D. Ala. 1998); Glick v. Koenig, 766 F.2d 265, 268 (7th Cir.

1985); Holloway v. Dobbs, 715 F.3d 390, 392-93 (8th Cir. 1983).

21

     1.     <u>Proposed Claims pursuant to O.C.G.A. §§ 51-1-6 and 51-1-8</u>

As discussed above, Plaintiffs' proposed claims pursuant to O.C.G.A. § 51-1-8 are futile because even if their Complaint were amended to add such claims, the Complaint would be dismissed. Because the amendment is futile, leave to amend the Complaint is **DENIED**. Docket Entry [13].

     2.     <u>Bad Faith and Stubborn Litigiousness</u>

Plaintiffs also seek to amend their Complaint to add a claim alleging Defendants were stubbornly litigious in violation of O.C.G.A. § 13-6-11 because of Defendant's unexplained obstinacy in opposing the Second Amended Complaint and refusal to seriously consider settlement prior to the discovery phase of the case. Plaintiffs also argue Defendant has been stubbornly litigious because it initially filed a frivolous motion to dismiss Plaintiff Similien's Title VII claims and did not withdraw it when Plaintiffs pointed out its frivolity, leading to Plaintiffs having to expend money to defend the frivolous motion. Defendant opposes the amendment on the grounds that (1) O.C.G.A. § 13-6-11 only applies to breach of contract actions; (2) O.C.G.A. § 13-6-11 does not create an independent cause of action, but is merely an additional element of damages; (3) Plaintiffs failed to show that Defendant's conduct triggering the claim for attorneys' fees occurred prior to the litigation which is a necessary prerequisite for collecting

litigation expenses pursuant to O.C.G.A. § 13-6-11; and (4) Plaintiffs cannot collect litigation expenses because they cannot show that no bona fide dispute existed as to Defendant's liability.

As a general rule, Georgia does not provide for the award of attorneys' fees even to a prevailing party unless authorized by statute or by contract. LaRoche Indus., Inc. v. AIG Risk Mgmt, 959 F.2d 189, 193 (11th Cir. 1992); Stone v. King, 196 Ga. App. 251, 252 (1990). O.C.G.A. § 13-6-11 permits a plaintiff to recover attorneys' fees when the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense. O.C.G.A. § 13-6-11. Georgia Courts of Appeal have interpreted this statute to mean that it is only necessary that the plaintiff show that any one of these conditions exist. City of Gainesville v. Waters, 258 Ga. App. 555, 559 (2002); Fuel South, Inc. v. Metz, 217 Ga. App. 731, 732 (1995); Altamaha Convalescent Center, Inc. v. Godwin, 137 Ga. App. 394, 395-96 (1976). The "bad faith" contemplated by O.C.G.A. § 13-6-11 "is bad faith connected with the transaction and dealings out of which the cause of action arose, rather than bad faith in defending or resisting the claim after the cause of action has already arisen." Monterray Mexican Restaurant of Wise, Inc. v. Leon, 282 Ga. App. 439, 451 (2006); Computer Commc'ns Specialists v. Hall, 188 Ga. App. 545, 547 (1988). Bad faith cannot be prompted by an

23

honest mistake as to one's rights or duties, bad judgment, or negligence; it requires a dishonest purpose, some moral obliquity, conscious doing of wrong through some self-interested or sinister motive. Rapid Group, Inc. v. Yellow Cab of Columbus, Inc., 253 Ga. App. 43, 49-50 (2001). When the plaintiff relies upon stubborn litigiousness or unnecessary trouble and expense as the basis of the award for attorneys' fees without showing bad faith, the plaintiff must show the absence of a bona fide dispute between the parties. Fuel South, 217 Ga. App. at 732.

While this Court agrees with Plaintiffs that O.C.G.A. § 13-6-11 applies to tort claims, Plaintiffs still have not chosen the appropriate vehicle to obtain attorneys' fees for Defendant's conduct. Tyler v. Lincoln, 272 Ga. 118, 183-84 (2000) (applying O.C.G.A. § 13-6-11 to tort lawsuit); see also LaRoche Indus., 959 F.2d at 193 (stating "case law indicates that Georgia applies its attorneys' fees statute to contract claims, as well as tort claims"). O.C.G.A. § 13-6-11 only governs conduct arising from the underlying cause of action which is in litigation. Trotter v. Summerour, 273 Ga. App. 263 (2005); Ellis v. Stanford, 256 Ga. App. 294, 298 (2002); Harkleroad & Hermance, P.C. v. Stringer, 220 Ga. App. 906, 909 (1996) ("Moreover, a claim under O.C.G.A. § 13-6-11 applies to a defendant's conduct before the commencement of litigation and necessarily does not encompass conduct in the course of litigation"); Toncee, Inc. v.

24

Thomas, 219 Ga. App. 539, 543 (1995). Plaintiffs do not dispute that the conduct they challenge occurred only during the course of the litigation. Indeed, in Plaintiffs' proposed Second Amended Complaint, they argue that they are entitled to attorneys' fees because Defendant's Motion to Dismiss was frivolous and Defendant refused to consider settlement until after discovery. Thus, O.C.G.A. § 13-16-11 does not provide a remedy for the challenged conduct.

Plaintiffs protest this result on the grounds that if O.C.G.A. § 13-6-11 does not cover conduct during the litigation, then they would not have a remedy for Defendant's conduct during the litigation. Plaintiffs' contention is without merit. O.C.G.A. § 9-15-14 provides a remedy for conduct occurring during litigation. Toncee, Inc., 219 Ga. App. at 543; Stone v. King, 196 Ga. App. 251, 252 (1990). Because O.C.G.A. § 13-6-11 is not the appropriate vehicle for challenging Defendant's conduct during the litigation, Plaintiffs' proposed amendment is futile. Therefore, Plaintiffs' request to amend their Complaint in order to claim attorneys' fees pursuant to O.C.G.A. § 13-6-11 is **DENIED**. Docket Entry [13].

### NONPARTIES' MOTION TO QUASH

Also before the Court is Non-Parties Georgia Department of Labor and Department Employee Sharrie Speer's Motion to Quash Defendant's Subpoenas

25

Commanding Production of Unemployment Records of Plaintiffs Kimberly L. Owens and Berthane Similien. Docket Entry [37]. Therein, the Georgia Department of Labor and Department employee Sharrie Speer (hereinafter "the nonparties") move the Court to quash Defendant's subpoena seeking records relating to proceedings for unemployment benefits before the Department of Labor. The nonparties oppose production because they claim that O.C.G.A. § 34-8-121 does not permit their production. O.C.G.A. § 34-8-121 provides in part that:

> Information . . . obtained . . . pursuant to the administration of this chapter . . . shall be held confidential and shall not be subject to subpoena in any civil action or proceeding, published, or open to public inspection, other than to public employees in the performance of their public duties, in any manner revealing the individual's or employing unit's identity . . . . Any person who violates any provision of this paragraph shall upon conviction be guilty of a misdemeanor.

O.C.G.A. § 34-8-121 (b)(3). The nonparties allege, citing O.C.G.A. § 34-8-126, that prior to production of the documents they need an Order from this Court stating that "the need for the information or records in the proceeding outweighs any reasons for the privacy and confidentiality of the information or records."

Defendant insists that production of the information is appropriate because it is entitled to learn what, if anything, Plaintiffs told the Georgia Unemployment Section about their employment with Defendant, including the reasons for their terminations.

26

This Court agrees. O.C.G.A. § 34-8-126 provides that "[i]nformation or records deemed private and confidential under this chapter shall be available to parties to judicial or formal administrative proceedings only upon a finding by the presiding officer that the need for the information or records in the proceeding outweighs any reason for the privacy and confidentiality of the information or records." The interest in privacy and confidentiality is certainly outweighed in this case where the employees have put the matters in the Department of Labor proceeding in issue by filing the instant lawsuit and the employing unit is the party requesting the records. Accordingly, the Motion to Quash is **DENIED**. Docket Entry [37]. Nonparties are Ordered to produce the responsive records within thirty (30) days of the date of this Order.

**CONCLUSION**

For the foregoing reasons, Defendant's first Motion to Dismiss is **WITHDRAWN**, Plaintiff's Motion for Leave to File a Second Amended Complaint is **DENIED**, and Non-Parties Georgia Department of Labor and Department Employee Sharrie Speer's Motion to Quash Defendant's Subpoenas is **DENIED**. Docket Entries [3, 13, 37]. This Court also **RECOMMENDS** that Defendant's Partial Motion to Dismiss Plaintiffs' Amended Complaint be **GRANTED**. Docket Entry [11].

AO 72A
(Rev.8/82)

**SO ORDERED and REPORTED AND RECOMMENDED** this <u>19th</u> day of

January, 2010.

<u>s/Linda T. Walker</u>
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

28

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KIMBERLY OWENS and          )
BERTHANE SIMILIEN,          )
                            )
        Plaintiff,          )
                            )        Civil Action No.
v.                          )        1:09-CV-1804-BBM-LTW
                            )
GENERAL ELECTRIC COMPANY,   )
                            )
        Defendant.          )

**ORDER FOR SERVICE OF REPORT AND RECOMMENDATION**

Attached is the report and recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636 and this Court's Local Rule 72.1C.  Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation **within fourteen (14) days of the receipt of this Order**.  Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party.  The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district

court.  If no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and any appellate review of factual findings will be limited to a plain error review.  United States v. Slay, 714 F.2d 1093 (11th Cir. 1983), cert. denied 464 U.S. 1050, 104 S.Ct. 729, 79 L.Ed.2d 189 (1984).

The Clerk is directed to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**SO ORDERED**, this 19th day of January, 2010.

s/Linda T. Walker
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)